UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-6505 DMG (MRWx)** | Date | January 12, 2018 |
|---|---|---|---|
| Title | *Anthony Zavala v. Whitelocke & Assocs., LLC* | Page | 1 of 3 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [19]**

On September 1, 2017, Plaintiff Anthony Zavala filed a putative class action complaint against Defendant Whitelocke and Associates, LLC, alleging invasion of privacy in violation of the California Invasion of Privacy Act ("CIPA"), Cal. Pen. Code § 630 *et seq.* [Doc. # 1.] Defendant failed to answer or otherwise make an appearance. As a result, Plaintiff requested the Clerk to enter default against Defendant on November 7, 2017. [Doc. # 16.] The Clerk entered default against Defendant on November 9, 2017. [Doc. # 17.] Plaintiff now moves for default judgment ("MDJ") as to his individual claim against Defendant. [Doc. # 19.]

**I.
ANALYSIS**

**A.   Local Rule 55-1 and *Eitel* Factors**

Plaintiff has complied with the procedural requirements for default judgment. *See* Fed. R. Civ. P. 55(b); C.D. Cal. L.R. 55-1; Declaration of Mona Amini ("Amini Decl.") at ¶¶ 7, 10–16 [Doc. # 19-2]; [Doc. # 19-4 (proof of service)]. Moreover, the Court has considered the *Eitel* factors and concludes that they weigh in favor of entering default judgment against Defendant. *See Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

First, Plaintiff will be prejudiced without a default judgment—no other enforceable form of relief against Defendant exists, and Plaintiff has already incurred expenses pursuing his claim. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); *Ades v. Omni Hotels Mgmt. Corp.*, 46 F. Supp. 3d 999, 1018 (C.D. Cal. 2014) ("[I]n light of the California legislature's decision to create statutory damages for each violation of CIPA, no separate showing of injury aside from a violation of the privacy rights protected by CIPA is required."); Amini Decl. at ¶¶ 17–18 (costs incurred in litigation).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-6505 DMG (MRWx)** | Date | January 12, 2018 |
| Title | *Anthony Zavala v. Whitelocke & Assocs., LLC* | Page | 2 of 3 |

Additionally, Plaintiff has submitted a well-pleaded complaint that establishes the CIPA violation. Specifically, Plaintiff, a California resident, alleges that Defendant, a law office, thrice unlawfully recorded telephone conversations between them, without informing Plaintiff of the recording or receiving his consent, in July 2017. *See* Cal. Pen. Code §§ 632 (unlawful recording of confidential telephone conversations), 632.7 (civil cause of action for violation of section 632); *Ades*, 46 F. Supp. 3d at 1017 ("[Section] 632.7 prevents a party to a cellular telephone conversation from recording it without the consent of all parties to the conversation."); *Flanagan v. Flanagan*, 27 Cal. 4th 766, 775 (2002) (section 632 prohibits the "unconsented-to . . . recording of conversations regardless of whether the party expects that the *content of the conversation* may later be conveyed to a third party"); Complaint at ¶¶ 5–15, 18–19 (phone calls recorded without Plaintiff's knowledge or consent). The Court deems the factual allegations in the FAC to be true. *See Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008) (at default judgment, "all factual allegations in the complaint are deemed true").

The sum of money at stake is substantial: Plaintiff requests damages in the form of statutory damages, injunctive relief, and litigation costs. *See* Complaint at 10–11 (prayer). Defendant has had several opportunities to defend itself but has inexcusably chosen not to appear. Amini Decl. at ¶¶ 7–9.

Finally, because entry of default leads to the presumption that Plaintiff's allegations are true and, since Defendant has not appeared, there is no dispute as to material facts. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("[U]pon default[,] the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."). Given the foregoing, the policy favoring decisions on the merits does not prevent entry of default judgment.

**B.    Remedies**

Plaintiff seeks statutory damages for each of Defendant's violations of CIPA (as to him) in the amount of $25,000, and costs of suit in the amount of $495.[1]

**1.    Statutory Damages**

Plaintiff is entitled to statutory damages of up to $5,000 per CIPA violation. *Id.* at § 637.2(a)(1). He seeks $25,000 for Defendant's unlawful recording of five telephone

---

[1] The Complaint also seeks injunctive relief, but Plaintiff's MDJ makes no mention of an injunction and, in any case, his pleadings do not satisfy the permanent injunction standard.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 17-6505 DMG (MRWx) | Date | January 12, 2018 |
| Title | *Anthony Zavala v. Whitelocke & Assocs., LLC* | Page | 3 of 3 |

conversations. Complaint at ¶¶ 8–18; MDJ Memo. at 4–5 [Doc. # 19-1]. The Complaint's allegations, which the Court takes as true, support Plaintiff's prayer for monetary relief.

### 2. Litigation Costs

CIPA is silent on the question of attorney's fees, but the Federal Rules of Civil Procedure provide for litigation costs in the event of default judgment. *See* Fed. R. Civ. P. 54(d)(1). The Court finds the requested costs to be reasonable and therefore will award costs in the amount of $495. *See* Amini Decl. at ¶¶ 17–18 ($400 filing fee, $95 process server fee).

## II.
## CONCLUSION

In light of the foregoing, Plaintiff's motion for default judgment is **GRANTED**. The Court will enter judgment in favor of Plaintiff Anthony Zavala and against Defendant Whitelocke & Associates, LLC, in the total amount of $25,000 in statutory damages under California Penal Code section 637.2(a)(1), and costs in the amount of $495.

**IT IS SO ORDERED.**